**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-7017

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER SMITH, a/k/a Killa,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge.  (2:15-cr-00007-JAG-DEM-1)

Submitted:  February 10, 2026                    Decided:  February 24, 2026

Before THACKER and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, James Reed Sawyers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Smith appeals the district court's order denying his second motion for a sentence reduction or compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court concluded that even assuming Smith had shown extraordinary and compelling reasons for compassionate release, the 18 U.S.C. § 3553(a) factors continued to weigh heavily against modifying his sentence. On appeal, Smith questions whether the district court abused its discretion in denying his motion for compassionate release. We affirm.[*]

"Pursuant to 18 U.S.C. § 3582, a court generally may not modify a sentence 'once it has been imposed.'" *United States v. Melvin*, 105 F.4th 620, 623 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). "But a district court may reduce a sentence through a motion for compassionate release." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)). We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023).

"'In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion.'" *Id*. "Under this standard, 'this Court may not substitute its judgment for that of the district court.'" *United States v. Bethea,* 54 F.4th 826, 832 (4th Cir. 2022). We review a district court's interpretation of the scope of § 3582(c)(1)(A) de novo. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

---

[*] We grant counsel's pending motion to withdraw (ECF No. 31) and have considered Smith's pro se reply brief (ECF No. 33).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id*. When the district court rules on a motion after the amended version of USSG § 1B1.13 became applicable, that policy statement is applicable. *United States v. Crawley*, 140 F.4th 165, 170 (4th Cir. 2025).

"Even if a district court abuses its discretion in assessing whether the defendant presents extraordinary and compelling reasons for release, this Court may still affirm if the district court's consideration of the § 3553(a) factors was sound." *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024). "Importantly, district courts enjoy broad discretion in analyzing the § 3553(a) factors when deciding a § 3582(c)(1)(A) motion." *United States v. Burleigh*, 145 F.4th 541, 548 (4th Cir. 2025) (citation modified).

"A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). "District courts must consider new arguments for sentence modification, but they need not address in turn every argument raised by the movant." *Id*. "Rather, district courts must only 'set forth enough to satisfy our court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review.'" *Id*.

3

"It is 'significant'—and weighs against finding an abuse of discretion—'when the same judge who sentenced the defendant rules on the compassionate release motion.'" *Id*. "Indeed, '[w]hen the same sentencing judge assesses the § 3553(a) factors again for compassionate release purposes, there's a strong indication that the judge knows of the defendant's circumstances, both favorable and unfavorable, and considers the totality of the record when assessing whether a different sentence is now warranted.'" *Id*.

We have reviewed the record and Smith's arguments on appeal, and we conclude that he fails to show the district court abused its discretion. The same judge who decided that the § 3553(a) factors did not favor Smith's release and denied his motion had sentenced him originally and denied his prior motion for compassionate release. Moreover, Smith does not show the district court acted arbitrarily or irrationally, failed to follow statutory requirements, or failed to conduct the necessary analysis for exercising its discretion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4